IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 15-mc-00045-GPG

KERMAN-RAY OF THE HOUSE OF CARR, and
PRISCILLA-DENISE OF THE HOUSE OF CARR,

    Petitioners,

v.

ALEX J. MARTINEZ,
STEPHANIE O'MALLEY,
ROBERT WHITE,
GARY WILSON,
CONNIE COYLE,
ROGER COBB,
IAN CULVERHOUSE,
GEORGE GATCHIS,
KEVIN LIPPARD,
MICHAEL MCDANIEL,
ROSS MICKELSON,
WILBUR MURRAY,
FEREIDOON SAMIMI,
RANDY BARNES, and
BRANDON "09,"

    Respondents.

## ORDER

This matter comes before the Court *sua sponte*, under the Court's authority pursuant to Federal Rule of Civil Procedure 83(b) to "regulate practice in any manner consistent with federal law," and under the Court's inherent power to regulate and control its civil docket. *See Stone v. I.N.S.,* 514 U.S. 386, 411 (1995) ("we have long recognized that courts have inherent power to . . . control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")

On February 17, 2105, Petitioners, Kerman-Ray and Priscilla of the House of Carr, initiated this action by filing a document titled "Miscellaneous Filing: Claim of Injury; Testimony on the Record; Notice of Intent to Sue" (ECF No. 1) and paying the $46.00 filing fee for a miscellaneous case.

On February 18, 2015, Magistrate Judge Gordon P. Gallagher issued an order (ECF No. 2) directing the Petitioners to show cause, within 30 days, why this miscellaneous case should not be closed and converted into a civil action because Petitioners failed to allege an adequate basis to open and maintain a miscellaneous case. On March 16 and 17, 2015, Petitioners filed the following four documents in this action: "Miscellaneous Filing Cover Letter for Lawful Notification Letters Dated 3/13/2015 to Lewis T. Babcock and Gordon P. Gallagher" (ECF No. 3); a letter to Chief Judge Marcia S. Krieger (ECF No. 4); letters to Senior Judge Lewis T. Babcock and Magistrate Judge Gordon P. Gallagher along with an "Affidavit of Truth," "Affidavit of Status for Kerman-Ray," "Affidavit of Status for Priscilla," "Authority for Fines (Damages)," "Maxims of Law," and "Exhibit B" (ECF No. 5); and a "Miscellaneous Filing: Notice of Withdrawl [sic] for 'Civil Action No. 15-cv-00078-GPG'" (ECF No. 6).

The Court construes the filings liberally because Petitioners are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the miscellaneous case will be terminated.

In the original document filed with the Court, Petitioners assert that they "require this document (and enclosures) be filed as a MISCELLANEOUS FILING with an

appropriate case number; a "mc" designation (not a "cv" designation) and file such documents pursuant to the aforementioned, without sale, denial, or delay pursuant to law, (and 18 U.S. Code § 2706 and the District Court website) that we may make a public claim* and record of the events and have recourse in the event the Respondent's continue to ignore us and refuse to return our property to us immediately." (ECF No. 1 at 2).  Petitioners further assert that on or around June 25 and 26, 2013 and July 2, 2013, "Respondents trespassed, harassed, threatened, coerced, manipulated, extorted, intimidated, etc., Petitioners and committed an unlawful search and seizure of Petitioners' private property." (*Id.*).  Petitioners also allege that the miscellaneous filing is intended "to create a public record of the events, disputes and interactions between the Petitioners and Respondents" and that "Petitioners are in possession of all letters, documents, videos, etc. pertaining to this dispute and will submit such evidence/proof into this Miscellaneous Filing." (*Id.* at 4).

In the February 18 Order to Show Cause, Magistrate Judge Gallagher determined that it was unclear precisely what Petitioners are alleging and/or what relief they are seeking from this Court.  Magistrate Judge Gallagher further determined that it appeared that Petitioners were seeking to open a miscellaneous case in order to file certain documents on the public record.  Magistrate Judge Gallagher informed Petitioners that absent an actual claim for relief, Petitioners are not entitled to utilize the Court as a record-keeping system, and therefore, ordered Petitioners to show cause why the miscellaneous case should not be closed and converted into a civil action.

In response to the February 18 Order to Show Cause, Petitioners submitted letters to Senior Judge Lewis T. Babcock and Magistrate Judge Gordon P. Gallagher.

(*See* ECF No. 5 at 1-17).  In the letters, Petitioners state that "[w]e have filed documents for record and reference via a MISCELLANEOUS FILING pursuant to the lawful, clear and detailed information in our paperwork filed February 17, 2015, and according to our God-given, inherent, inalienable rights, as the sovereign People of this free nation*, . . ." (*Id.* at 1).  Petitioners further state that

> **THIS IS NOT A CASE.  IT IS A FILE*.**  Pursuant to the MISCELLANEOUS FEE SCHEDULE that is posted on the District Court website, it clearly states that the People can file, ' . . . any document that is not related to a pending case or proceeding . . .'  Our paperwork shows, 'Miscellaneous Action* No.' which is defined '*' below.
>
> Our Miscellaneous paperwork clearly states that we invoked a constitutionally compliant Article 3 Court of Record, where common/natural law governs and all aspects of due process of law are upheld, etc., which supersedes any/all statutorial [sic] laws, statutes, codes, ordinances, orders, rules, procedures, opinions, jurisdictions, etc., where the rights of the People are protected. Therefore, we do not consent to and we object to the orders and the contents within the letters/orders issued by you and Gallagher and any time frames, demands, requirements, threats, comments, etc. attempting to manipulate, control, compel, and/or require us to respond, comply, submit, etc.  We have not been provided with any contracts or constitutionally* compliant law that give you (or Gallagher) the lawful authority to direct our actions in any way, shape or form and we did not grant the "court" permission to make such orders, etc. nor did we give you (or Gallagher) any jurisdiction or make a general appearance.  We object to you, Gallagher, or any judge attempting to exercise any authority, jurisdiction, control or oversight of us or our Miscellaneous File.
>
> We , Kerman and Priscilla, the People, are free to file any document with the court, to establish* a record and reference, without interference, regulation, consideration, etc., and cannot be the subjects of any legislative statute, etc., enacted by any of our servants in government.  Therefore, we also challenge the jurisdiction of the court you both claim to represent based on the fact that there is not case/action before this court based on the following (but not limited to:): . . .
>
> Pursuant to the aforementioned case law, jurisdiction can only be exercised if granted by the People intentionally and/or by filing an action/case, which we have done neither.

(ECF No. 5 at 1-2).

The Court finds that Petitioners have not show cause why this miscellaneous case should not be closed because Petitioners have failed to allege an adequate basis to open and maintain a miscellaneous case. The Federal Rules of Civil Procedure recognize that only one type of action is permitted: "There is one form of action - the civil action." Fed. R. Civ. P. 2. Furthermore, the Federal Rules of Civil Procedure recognize how a civil action begins: "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Finally, the Federal Rules of Civil Procedure only recognize a limited number of categories of pleadings and motions allowed to be filed in this Court. *See* Fed. R. Civ. P. 7.

Petitioners do not allege that they purported to file a complaint or permissible pleading at the time they sought to file their paperwork; therefore Petitioners did not seek to commence a civil action. In fact, Petitioners repeatedly allege that they did not intend to commence a civil action. Rather, Petitioners expressly seek to commence a "miscellaneous file" to utilize the court as a record-keeping system. However, the Fee Schedule on the Court's website does not authorize Petitioners to utilize the court as record-keeping system absent an actual claim for relief. *See Robinson v. The Court of Clerks,* No. 11-2679, 2012 WL 219147, at *1 (E.D. Cal. Jan. 24, 2002) (dismissing action where plaintiff sought to open a miscellaneous file in order to file certain documents on the public record). Thus, Petitioners do not demonstrate any permissible basis for the miscellaneous action. *Cf.* Fed. R. Civ. P. 27 (prior to brining an action, Rule 27 allows a person to petition a court "to perpetuate testimony regarding any matter that may be cognizable in any court of the United States."). Because Petitioners

fail to allege an adequate basis for opening and maintaining a miscellaneous case, this action should be terminated.

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress.  "Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). There are two statutory bases for federal subject matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331.

Here, Petitioners do not assert any basis to invoke the Court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331 or to invoke the Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332.   In fact, Petitioners expressly assert that this Court does not have jurisdiction over their case.  Because Petitioners do not allege any cognizable basis for this Court's jurisdiction, the miscellaneous case also should be closed.

In short, there is no basis for the filing of Petitioners' nonsensical "notifications" and "affidavits," and the Court will not permit Petitioners to attempt to make their paperwork have some sort of legal effect by filing it in the docket of this Court.

Accordingly, it is

ORDERED that the clerk of the Court is directed to strike the documents filed in this miscellaneous case and to close the action.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED April 2, 2015, at Denver, Colorado.

                        BY THE COURT:

                        s/Lewis T. Babcock
                        LEWIS T. BABCOCK, Senior Judge
                        United States District Court